UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GAIL HINTERGERGER, et al.,

                Plaintiffs,

     v.                                                                      **DECISION AND ORDER**

CATHOLIC HEALTH SYSTEM, et al.,                               08-CV-952S

                Defendants.

## I. INTRODUCTION

Plaintiffs commenced this action in New York State Supreme Court, County of Erie, asserting claims for failure to keep accurate records under the Employee Retirement Income Security Act ("ERISA"), breach of fiduciary duty under ERISA, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), estoppel, breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment/restitution, and quantum meruit. All claims relate to Defendants' alleged failure to  compensate Plaintiffs and other employees for all hours worked and/or for hours in excess of 40 per week at overtime rates and their failure to keep accurate records of time worked for purposes of determining benefits. Defendants timely removed the action to this Court. Each claim for relief in the removed action had been first pled in an action brought in Federal court by the same Plaintiffs, who voluntarily dismissed the claims without prejudice after Defendants filed a motion to dismiss. Hinterberger v. Catholic Health System, Inc., 08-CV-380, filed May 22, 2008 (Docket No. 101, Notice of Voluntary Dismissal).

1

Upon removing Plaintiffs' newly "revived" claims, Defendants moved to dismiss the Complaint, which motion was granted in its entirety.  Defendants now move, pursuant to Rules 41 and 54 of the Federal Rules of Civil Procedure and, alternatively, the Court's inherent powers, for costs and attorneys' fees incurred as a result of Plaintiffs having re-filed the same claims they voluntarily dismissed.

## II.  DISCUSSION

**A.    Rules 54 and 41**

Rule 54(d)(2) of the Federal Rules of Civil Procedure requires that a claim for attorney's fees be made by motion which must specify, among other things, the statute, rule, or other grounds entitling the movant to the award.  FED. R. CIV. P. 54(d)(2)(A) and (B).  Defendants rely on Rule 41, which states that: "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action . . . .  FED. R. CIV. P. 41(d).  Although Rule 41(d) does not explicitly provide for an award of attorney's fees as part of "costs," the weight of authority in this Circuit supports such an award.  New Phone Co. v. N.Y. City Dep't of Info. Tech. & Telecomm., Nos. 06-CV-3529, 07-CV-2474, 2007 U.S. Dist. LEXIS 74693, at *50 (E.D.N.Y. Oct. 5, 2007) (citations omitted).

"'The purpose of [awarding attorney's fees] is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be re-filed and will impose duplicative expenses upon him.'"  Ivoclar Vivadent Inc. v. Corp. Cortex Machina, No. 01-CV-0113, 2004 U.S. Dist.

LEXIS 22729, at *19 (W.D.N.Y. Oct. 14, 2004) (quoting Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985)). Costs are most often imposed in circumstances such as those existing here; *i.e.*, "where the plaintiff has brought an identical, or nearly identical, claim and requested identical, or nearly identical, relief." Young v. Dole, No. 90 CV 2667, 1991 U.S. Dist. LEXIS 11290, at *7 (E.D.N.Y. July 11, 1991) (citations omitted). Such an award is discretionary, and courts in this Circuit consistently have limited payment of Rule 41(d) attorneys' fees to compensation for work done in the first action that cannot be used in a second existing or contemplated action. *See* Adams v. New York State Educ. Dep't, 630 F. Supp. 2d 333, 343-44 (S.D.N.Y. 2009); Mercer Tool Corp. v. Friedr. Dick GmbH, 179 F.R.D. 391, 396 (E.D.N.Y. 1998) (quoting Ames v. Clifford, No. 94 Civ. 6712, 1996 U.S. Dist. LEXIS 14565, at *3 (S.D.N.Y. 1996)). Any amount of fees awarded must be supported by evidence in the record. Ivoclar Vivadent Inc., 2004 U.S. Dist. LEXIS 22729, at *20 (citations omitted).

Here, Defendants "do not seek to recover any attorneys' fees associated with the many hours spent research or drafting the[ir] first Motion to Dismiss [in 08-CV-380], or any other legal work associated with the defense of [Plaintiffs' first action]." Rather, they move for costs associated with work performed in this second action, including: removal from state court, moving to consolidate, moving for dismissal of the re-filed claims, and moving for costs and fees. (Docket No. 36 at 14-15.) Defendants urge that Rule 41 allows for such an award. (*Id*. at 13.) They do not provide any evidentiary support for their costs at this juncture, but estimate the amount at approximately $25,000.

Plaintiffs oppose the motion, *inter alia*, on the ground that the clear language of Rule 41, as consistently applied in this Circuit, provides for costs incurred in the action that was

voluntarily dismissed, not in the action that follows.

Defendants' attack on Plaintiffs' opposition is three-pronged. They urge that: Plaintiffs' dispute over which case Defendants may seek fees in is simply an attempt to create a distinction without a difference, at least one other district court has awarded fees under identical circumstances, and, because this Court dismissed claims in this second action without prejudice, Plaintiffs may again re-file them, making this second action the one in which costs should be calculated. Each argument is rejected.

First, it is beyond dispute, under Rule 41's plain terms and relevant authority, that Rule 41(d)'s purpose is to compensate a defendant for costs and fees that are "wasted" once a plaintiff voluntarily dismisses an action—*i.e.*, the amount of prior work that cannot be utilized even if the same claims are re-filed. Defendants' request for all costs and fees incurred in defending Plaintiffs' re-filed claims to judgment is entirely inconsistent with Rule 41's purpose and, so, is not a "distinction without a difference."

Second, Defendants' reliance on a case from the Western District of North Carolina is misplaced. Andrews v. America's Living Centers, LLC, 2011 U.S. Dist. LEXIS 85713 (Aug. 3, 2011). While the nature of that suit and certain of the procedural history appears quite similar, the outcome is not. There, the defendant moved for costs incurred in the *previously filed* action, and was awarded certain fees incurred in the *previously filed* action. There is nothing in Andrews that would support the relief requested here.

As for Defendants' final argument, Rule 41(d) applies where *a plaintiff* dismisses an action without prejudice and thus may re-file the same claim. It does not apply to cases such as this one, where claims are dismissed without prejudice by *the Court*. Accordingly, Defendants' motion under Rule 41 for costs incurred in defending 08-CV-952 is denied.

**B.     The Court's Inherent Power to Sanction**

The Supreme Court has recognized that federal courts may exercise their inherent power to assess attorneys' fees as a sanction "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," such as when the party practices a fraud upon the court, or shows bad faith by delaying or disrupting the litigation or hampering a court order's enforcement.  Chambers v. NASCO, 501 U.S. 32, 45-46 (1991) (awarding attorney's fees as sanctions based upon party's repeated egregious and intentional behaviors that deceived the court, and delayed and thwarted execution of court orders, despite repeated warnings that such conduct was sanctionable).  For purposes of such an assessment, bad-faith resembles Rule 11's requirement that a signer represent to the court that a filing is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.  *Id.* at 46 n.10.

A court's inherent power should be used only where neither statute nor rule provides for relief.  Walker v. Smith, 277 F. Supp. 2d 297, 301 (S.D.N.Y. 2003).  Moreover, the Second Circuit requires "'clear evidence that the challenged actions are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes'" before affirming an award of fees under the bad-faith exception.  Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78 (2d Cir. 2000) (quoting Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986)); *see also*, Eisemann v. Greene, 204 F.3d 393, 396 (2d Cir. 2000) (interpreting the bad faith standard "restrictively" and vacating imposition of fees based on counsel's repeated filing of meritless motions on ground that a lack of merit alone does not automatically infer bad faith); Milltex Indus. Corp. v. Jacquard Lace Co., 55 F.3d 34, 41 (2d Cir. 1995) ("We will uphold sanctions under the 'bad-faith exception to the American Rule'

only when serious misconduct clearly appears on the record."); <u>Kerin v. U.S. Postal Service</u>, 218 F.3d 185, 192 (2d Cir. 2000) (award of bad faith fees vacated where not supported by specific finding showing that conduct in question was both meritless and undertaken with improper motives).

Defendants describe the offending conduct as follows.  On August 1, 2008, Plaintiffs voluntarily dismissed 10 of the 13 claims they initially pled in 08-CV-380.  (08-CV-380, Docket No. 101.)  This Court issued a decision and order with regard to the remaining claims on November 25, 2008.  (*Id.*, Docket No. 147.)  Shortly after voluntarily dismissing their claims from the federal action, on August 6, 2008, Plaintiffs re-filed all of the voluntarily-dismissed claims in two separate lawsuits in state court.  Defendants state that "[i]t is not exactly clear why the plaintiffs re-filed the claims under two separate State Court Complaints."  (08-CV-952, Docket No. 36 at 4.)  Plaintiffs served their state court summonses and complaints within the time permitted, but not until December 3, 2008.  According to Defendants, "[t]he practical impact of plaintiffs' procedural maneuvering was to force the defendants to incur additional costs and attorneys' fees to respond to their tactics and delay the resolution of substantive issues in this litigation for more than three years."  (*Id*. at 7.)

Plaintiffs respond by urging that they have a right to voluntarily dismiss claims without prejudice and to re-file them, and should not be subject to a bad faith sanction for having done so.  They also state the reason for the voluntarily dismissal of certain claims was to limit the issues then before the Court "so that plaintiffs could proceed expeditiously with their FLSA claims, which were dying daily as to similarly situated class members" (Docket No. 47 at 9), a concern they have previously stated.

Applying the standards above, this Court declines to impose bad faith sanctions for two reasons.  First, there is no basis to invoke inherent powers where the Federal Rules provide a remedy.  In this Court's view, it would be an abuse of power to penalize Plaintiffs for voluntarily dismissing claims under Rule 41, beyond such costs as are authorized by Rule 41.  While acknowledging that Defendants surely incurred additional defense costs as a result of Plaintiffs' voluntary dismissal and re-filings, Rule 41 supplies a remedy, which is limited to "all or part of the costs of that previous action."

And even assuming, *arguendo*, that Defendants had no avenue for relief under a statute or rule, the conduct Defendants describe and their conclusory assertions of Plaintiffs' possible motives are not a sufficient to support the conclusion that the conduct was clearly meritless and motivated by bad faith such that sanctions are warranted.

## III.  CONCLUSION

For the reasons given above, Defendants' Motion for Attorney Fees is denied.

## IV.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion for Attorney Fees (Docket No. 35) is DENIED.

SO ORDERED.


Dated:      May 28, 2012
            Buffalo, New York


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court